UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 12-13989-JKO
                                                    Chapter 7
PETER G. HERMAN,

       Debtor.
_____ /

**TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019(a) FOR ENTRY OF AN ORDER
APPROVING SETTLEMENT AND COMPROMISE OF CLAIMS**

**NOTICE**

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

Kenneth A. Welt, in his capacity as Chapter 7 Trustee (the "Trustee") of the estate of Peter G. Herman (the "Debtor"), by and through his undersigned counsel, hereby files this motion (this "Motion") for the entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement and compromise of claims reached among the Trustee, the Debtor, Jessica Herman and Pamela Herman (collectively, the "Counterparties" and, together with the Trustee, the "Parties"), as set forth in the settlement agreement that is attached as **Exhibit "A"** to this Motion (the "Settlement Agreement"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Rule 9019(a).

## BACKGROUND

2. On February 18, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. Kenneth A. Welt is the duly-appointed Chapter 7 Trustee of the Debtor's bankruptcy estate, and, as such, is an officer charged with custody of estate property under the Bankruptcy Code.

4. On or about February 4, 2014, counsel to the Trustee communicated with counsel to the Debtor regarding the Trustee's intention to file two separate lawsuits asserting claims relating to certain alleged transfers of estate assets. With respect to the first of the foregoing actions (the "First Complaint"), the Trustee has communicated his intention to pursue claims against the Debtor and Jessica Herman relating to transfers of the Debtor's interest, if any, in a horse commonly known as "Zorro" (Breed: Hanoverian; Color: Black; Sex: Gelding; Foal Date: 5/30/1999; USEF # 5113704), which was leased and sold after the Petition Date in exchange for aggregate transfers totaling $29,000.

5. On or about February 4, 2014, the Trustee also communicated with counsel to the Debtor regarding his intention to file a second complaint (the "Second Complaint") against the Debtor's ex-wife, Pamela Herman, for avoidance and recovery of $11,230 in transfers that she received following the liquidation of certain of the Debtor's stock prior to the Petition Date. The causes of action identified in the First Complaint and the Second Complaint are collectively referred to herein as the "Causes of Action".

6. The Debtor, Pamela Herman and Jessica Herman have and continue to assert that the Causes of Action are subject to numerous defenses, are frivolous, and, accordingly,

specifically deny any and all liability with respect thereto. With respect to the First Complaint, for example, the Debtor disputes that he (or the estate) holds any direct interest in the horse named Zorro, but, rather, states that any interest in that horse (and another horse named "Enzo") is held by a joint venture, in which the Debtor merely holds an interest, as disclosed in his bankruptcy Schedules. *See* ECF No. 14 at Schedule B, Item 14).

7. After an exchange of information and documentation regarding the Causes of Action, the transfers identified therein, and the Counterparties' defenses to the avoidance and recovery thereof, the Parties have agreed to resolve all of their respective claims consensually, on the terms contained in the Settlement Agreement annexed hereto as Exhibit "A".

8. The basic terms of the Settlement Agreement[1] provide that (i) the Debtor shall cause $15,000 (the "Settlement Amount") in aggregate payments to be made to the Trustee on behalf of himself, Jessica Herman and Pamela Herman (the "Listed Defendants"); (ii) the Trustee shall execute a bill of sale in favor of Jessica Herman transferring all of the Trustee's and estate's right, title and interest, if any, in the joint venture interest by and among the Debtor and Jessica Herman that is listed in the Debtor's Schedules and/or the horses owned by such joint venture, commonly known as "Zorro" and "Enzo" (the "Horses"); and, further, (iii) provides for the exchange of mutual releases among the Parties, all as more fully and specifically set forth in the Settlement Agreement.

### RELIEF REQUESTED AND BASIS FOR RELIEF

9. By this Motion, and pursuant to Bankruptcy Rule 9019(a), the Trustee seeks the entry of an order approving the Settlement Agreement by and among the Parties.

---

[1] The following descriptions of the terms of the Settlement Agreement are intended solely to provide the Court and interested parties with a brief overview of the significant terms thereof. All capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement. The Court and interested parties are respectfully referred to the Settlement Agreement for the complete terms thereof.

10. The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation;
>
> (b) the difficulties, if any, to be encountered in the matter of collection;
>
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

11. Although the Trustee believes that he has a likelihood of prevailing in these matters, given the aggregate amount of the claims at issue, the existence of potential defenses to the Causes of Action creates a substantial probability that (before considering matters of collectability) legal fees in connection with the prosecution of these actions would be substantial and, potentially, erode recoveries to the estate below the Settlement Amount. Accordingly, in order to avoid the expense, inconvenience and delay that would be caused by continued litigation, the Trustee believes the settlement and compromise reached with the Counterparties, as set forth in the Settlement Agreement, is reasonable and in the best interests of the estate and its creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit "B"**: (i) granting the Motion; (ii) approving

the Settlement Agreement, in its entirety and in the form attached hereto as Exhibit "A"; and (iii) granting such other and further relief as the Court deems just and proper.

<table>
<tr><td>Date: June 10, 2014</td><td>Respectfully submitted,<br><br>GRAYROBINSON, P.A.<br>1221 Brickell Avenue, Suite 1650<br>Miami, FL 33131<br>Telephone: (305) 416-6880<br>Facsimile: (305) 416-6887<br><br>By: <i>/s/ Robert A. Schatzman</i><br>    Robert A. Schatzman, Esq.<br>    Fla. Bar. No. 139008<br>    Fernando J. Menendez, Esq.<br>    Florida Bar No. 0018167<br><br><i>Counsel to Trustee, Kenneth A. Welt</i></td></tr>
</table>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Motion to be served on this 10th day of June, 2014 upon all interested parties registered to receive notification via this Court's CM/ECF notification system, as specified below, and via First Class U.S. Mail upon all other parties listed on the manual notice list.

By: <u>   <i>/s/ Robert A. Schatzman</i>   </u>

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael Foster    mcf@trippscott.com
- Michael A Friedman    mfriedman@gjb-law.com, gjbecf@gjb-law.com
- John H Genovese    jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com
- Bart A Houston    bhouston@thlglaw.com, dschena@thlglaw.com;bhouston@ecf.inforuptcy.com
- Kenneth S Jannette    kenj@w-legal.com, ADVNotices@w-legal.com
- Brian R Kopelowitz    kopelowitz@kolawyers.com, herrington@kolawyers.com;greenbaum@kolawyers.com
- Dennis J LeVine    courtinfo@bcylaw.com

- Neil P Linden     neil.linden@gray-robinson.com, elena.pathman@gray-robinson.com
- Joseph M McCandlish     jmccandlish@weltman.com, colnationalecf@weltman.com
- Nicole Testa Mehdipour     nicolem@ntmlawfirm.com, ksalamone@ntmlawfirm.com;cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com
- Fernando J Menendez     fernando.menendez@gray-robinson.com, jennifer.phillips@gray-robinson.com;lisa.negron@gray-robinson.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Jeffrey M Ostrow     ostrow@kolawyers.com
- Kristopher E Pearson     kpearson@stearnsweaver.com, mmasvidal@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;larrazola@stearnsweaver.com;sanderson@stearnsweaver.com;cgraver@stearnsweaver.com
- Kristopher E Pearson     kpearson@stearnsweaver.com, mmasvidal@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;larrazola@stearnsweaver.com;sanderson@stearnsweaver.com;cgraver@stearnsweaver.com
- Chad P Pugatch     cpugatch.ecf@rprslaw.com
- Kimberly Salamone     ksalamone@ntmlawfirm.com, atty_mehdipour@bluestylus.com;cm_ecf_service@ntmlawfirm.com
- Robert A. Schatzman     robert.schatzman@gray-robinson.com, marilyn.rivera@gray-robinson.com;lisa.negron@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- Robert A. Schatzman     robert.schatzman@gray-robinson.com, marilyn.rivera@gray-robinson.com;lisa.negron@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- Charles W Throckmorton     cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com
- Annette M Urena     aurena@dkdr.com, cmackey@dkdr.com
- Kenneth A Welt     , fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**Manual Notice List (by first class U.S. Mail)**

Peter G. Herman
1901 N. Ocean Blvd., Unit #S11A
Fort Lauderdale, FL 33305

BMW Bank of North America, Inc.
c/o Ascension Capital Group
PO Box 201347
Arlington, TX 76006

BMW Financial Services NA, LLC Department
c/o Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006

Brett Burgan
Daszkal Bolton LLP
2401 NW Boca Raton Boulevard
Boca Raton, FL 33431

Capital One Bank (USA), N.A. by American InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Michael C. Foster, Esq.
Daniels Kashtan
4000 Ponce de Leon Blvd.
Suite 800
Coral Gables, FL 33146

Bart Alan Houston
Houston Law Group, P.A.
1401 East Broward Blvd.
Suite 206
Fort Lauderdale, FL 33301

**<u>Exhibit A</u>**

**(Settlement Agreement)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 12-13989-JKO

PETER G. HERMAN,                                                Chapter 7

        Debtor.
_____/

## SETTLEMENT AGREEMENT

This settlement agreement (this "Settlement Agreement") is made and entered into as of this 4th day of June, 2014 (the "Execution Date"), by and among (i) Kenneth A. Welt, in his capacity as the duly-appointed chapter 7 trustee (the "Trustee") in the pending bankruptcy proceeding of the debtor, Peter G. Herman (the "Debtor"), (ii) the Debtor, (iii) Jessica Herman, and (iv) Pamela Herman, the Debtor's ex-wife (each a "Party" and, collectively, the "Parties").

## RECITALS

WHEREAS, on February 18, 2012, the Debtor filed a voluntary petition [ECF No. 1][1] for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Bankruptcy Court");

WHEREAS, Kenneth A. Welt is the duly-appointed and acting chapter 7 trustee in the Debtor's Bankruptcy Case;

WHEREAS, on or about February 4, 2014, counsel to the Trustee communicated with counsel to the Debtor, Chad P. Pugatch, regarding the Trustee's intention to file two separate lawsuits asserting claims relating to certain alleged transfers of estate assets. Specifically, with

---

[1] All docket entry references contained herein are to the Debtor's chapter 7 proceeding, which is pending under Case No. 12-13989-JKO (Bankr. S.D. Fla.) (the "Bankruptcy Case").

# 1337815 v3

respect to the first complaint (the "First Complaint"), the Trustee has communicated his intention to pursue causes of action against the Debtor and Jessica Herman relating to transfers of the Debtor's interest, if any, in that certain horse commonly known as "Zorro" (Breed: Hanoverian; Color: Black; Sex: Gelding; Foal Date: 5/30/1999; USEF # 5113704), which is referenced in the Debtor's bankruptcy Schedules (*see* ECF No. 14 at Schedule B, Item 14) and was leased and sold in exchange for aggregate transfers totaling $29,000;

WHEREAS, also on or about February 4, 2014, the Trustee communicated his intention to file a second complaint (the "Second Complaint") against Pamela Herman for avoidance and recovery of $11,230 in prepetition transfers. The causes of action identified in the First Complaint and the Second Complaint are collectively referred to herein as the "Causes of Action";

WHEREAS, on February 14, 2014, the parties entered into a tolling agreement (the "Tolling Agreement") extending the period within which the Trustee may file the Causes of Action through and including March 31, 2014;

WHEREAS, on March 31, 2014 and April 30, 2014, the parties entered into further tolling agreements, which extended the period within which the Trustee may file the Causes of Action through and including June 15, 2014;

WHEREAS, the Debtor, Pamela Herman and Jessica Herman assert that the Causes of Action are subject to numerous defenses, are frivolous, and, accordingly, specifically deny any and all liability with respect to the Causes of Action or any of the allegations made by the Trustee. Specifically, the Debtor claims no direct ownership interest in the subject Horses. Further, the Debtor asserts that, with respect to the 11,230 transfer to Pamela Herman, said funds were placed into a joint account with the Debtor and Pamela Herman at Wells Fargo, which was

disclosed on the Debtor's Schedules. The Debtor further asserts that, unbeknownst to the Debtor, Pamela Herman subsequently transferred the money to a companion account of her own at the same bank;

WHEREAS, in order to reach resolution for all Parties, and to avoid the time, expense and uncertainty of litigation to determine their respective rights, and specifically without any admission of fault or guilt, the Parties mutually agree that it is in their respective best interests to settle all claims relating to the Causes of Action;

WHEREAS, the terms and provisions of this Settlement Agreement have been negotiated at arms' length and have been agreed to by the Parties in good faith;

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and with the intent to be legally bound, and for good and valuable consideration, receipt of which is hereby acknowledged, it is hereby STIPULATED AND AGREED, by and between the Parties, as follows:

## AGREEMENT

1.  This Settlement Agreement is subject to approval by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(D) of the Local Bankruptcy Rules for the Southern District of Florida, and the entry of a Final Order by the Bankruptcy Court approving this Settlement Agreement. For the purposes of this Settlement Agreement, the term "Final Order" shall mean an order approving this Settlement Agreement that has not been stayed, reversed or amended and the time, as computed under the Bankruptcy Rules, to appeal or seek review or rehearing of such order (or any revision, modification or amendment thereof) has expired and no appeal or petition for review or rehearing of such order was filed, or if filed, remains pending.

2. The Debtor shall cause to be paid $15,000 (the "Settlement Amount") on behalf of himself, Jessica Herman and Pamela Herman (the "Listed Defendants") to the Trustee as follows: (i) $5,000 payable to the Trustee within fifteen (15) calendar days following the entry of a Final Order by the Bankruptcy Court approving this Settlement Agreement (the "Initial Payment") and (ii) $1,000 payable to the Trustee every month thereafter until the full balance of the Settlement Amount is paid in full, with all such payments (x) being made within the first five (5) calendar days of each month in which a payment is due and (y) commencing on the first month following the Initial Payment. The foregoing amounts shall be attributed and allocated as follows: (i) $13,000 in full settlement and compromise of the First Complaint and (ii) $2,000 in full settlement and compromise of the Second Complaint.

3. Upon the Trustee's receipt of the Initial Payment, the Trustee shall execute a bill of sale in favor of Jessica Herman transferring all of the Trustee's and estate's right, title and interest, if any, in the Horses (as defined below), proceeds of sale and/or horse ownership and sales and/or joint venture interest by and among the Debtor and Jessica Herman relating to the horses commonly known as "Zorro" and "Enzo" (the "Horses").

4. Additionally, except as otherwise provided below with regard to the Debtor, upon the Trustee's receipt of the Settlement Amount, the Trustee, on behalf of the Debtor's estate, shall be deemed to have released the Listed Defendants, and each of their current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel, from any and all known or unknown claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees). Notwithstanding anything in the foregoing to the contrary, however, the foregoing releases by the Trustee shall not be deemed or otherwise act as a release of the

Debtor with respect to (a) any matters not specifically relating to the Causes of Action or (b) any obligations set forth in this Settlement Agreement.

5. Upon the order approving this Settlement Agreement becoming a Final Order, the Listed Defendants, and each of their current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel, shall be deemed to have released the Trustee and the Debtor's estate from any and all known or unknown claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) relating to any of the Causes of Action, including the right to file a proof of claim in the Bankruptcy Case pursuant to Bankruptcy Code § 502(h) for the Settlement Amount or for any administrative claim under Bankruptcy Code § 503. The foregoing releases by the Listed Defendants shall not apply to any of the Trustee's obligations set forth in this Settlement Agreement.

6. Upon the Parties' execution of this Settlement Agreement, the Trustee shall promptly file a motion for approval of this Settlement Agreement with the Bankruptcy Court pursuant to Bankruptcy Rule 9019. In the event the Bankruptcy Court denies the motion, the terms of this Settlement Agreement shall become null and void upon entry of an order reflecting such denial.

7. This Settlement Agreement may not be amended, modified or supplemented without either (a) the prior written consent of the Parties hereto, or (b) the approval of the Bankruptcy Court; provided, however, that any material amendment, modification or supplementation hereof shall be subject to Bankruptcy Court approval.

8. In the event that the Bankruptcy Court does not enter a Final Order approving this Settlement Agreement, this Settlement Agreement shall be without force and effect and none of

the provisions hereof shall be used or referred to in any subsequent proceedings or shall prejudice or impair any of the rights or remedies of the Parties hereto.

9. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida. This Settlement Agreement constitutes the sole and entire agreement and understanding of the Parties hereto with respect to the subject matter of this Settlement Agreement, and this Settlement Agreement supersedes all prior agreements, whether written or oral, with respect thereto. All prior discussions, agreements and understandings of every kind and nature among the Parties with respect thereto are merged into and superseded by this Settlement Agreement.

10. In the event a dispute arises between the Parties hereto with respect to the interpretation and/or implementation of the terms of this Settlement Agreement, the Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any such dispute.

*[Remainder of page intentionally left blank.]*

11. This Settlement Agreement may be executed by means of facsimile, electronic mail in portable document format, and in counterparts, each of which shall be deemed an original, and all of which shall constitute but one and the same Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties hereby execute this Agreement as of the date identified below.

Date: 6/4/14

KENNETH A. WELT, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF PETER G. HERMAN
By: _____

Date: 6-6-14

PETER G. HERMAN
By: _____

Date: 6-6-14

JESSICA HERMAN
By: _____ for Jessica Herman

Date: 6-6-14

PAMELA HERMAN
By: _____ for Pam Herman

**<u>Exhibit B</u>**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                   Case No. 12-13989-JKO

PETER G. HERMAN,                                                         Chapter 7

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9019(a) FOR ENTRY OF AN ORDER
<u>APPROVING SETTLEMENT AND COMPROMISE OF CLAIMS</u>**

THIS MATTER came before the Court, without a hearing, upon the *Trustee's Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(A) for Entry of an Order Approving Settlement and Compromise of Claims* (the "Motion").[2] The Court finds that the terms set forth in the Settlement Agreement, attached as Exhibit "A" to the Motion, are fair and equitable and satisfy the standards set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). The Court further finds that the Motion was duly served upon all interested parties with the negative notice

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

# 1360848 v2                                                       2

legend required under Local Rule 9013-1(D)(2), informing parties of their opportunity to object within twenty-one (21) days of the date of service.  The Court further finds that no party filed an objection within the time permitted and that the Motion is unopposed.  With sufficient cause appearing for granting the relief requested therein, it is

    ORDERED as follows:

    1.    The Motion is GRANTED.

    2.    The Settlement Agreement by and between the Trustee, the Debtor, Jessica Herman and Pamela Herman (the "Parties") is APPROVED pursuant to Bankruptcy Rule 9019(a).

    3.    The Parties are authorized and empowered to take all necessary steps to carry out and otherwise effectuate the terms, conditions and provisions of the Settlement Agreement.

    4.    The Court retains jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

###

Submitted by:

Robert A. Schatzman, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131

(Attorney Schatzman is directed to serve a conformed copy of this order upon all interested parties immediately upon receipt and to file a certificate of service with the Court.)